Basil **YANAKAKIS, Ira H. Leesfield; Roger L. Blackburn, d.b.a. Leesfield & Blackburn, P.A., a Florida Professional Assoc., Plaintiffs–Appellees,**

v.

**CHANDRIS, S.A., a Foreign Corp.; Chandris, Inc., d.b.a. Chandris Cruise Lines, a Foreign Corporation, Defendants–Appellants,**

**Matrona Miliaresis, Nikolas Miliaresis, Defendants,**

**Transport Mutual Services, Inc., a Foreign Corporation, Defendant–Appellant.**

No. 91–5542.

United States Court of Appeals, Eleventh Circuit.

Oct. 10, 1996.

David J. Horr, Rodriguez, Horr, Aronson & Blanck, P.A., Miami, FL, for Chandris, S.A.

Joseph T. Stearns, Kenny & Stearns, New York City, for Transport Mutual Services.

Joel D. Eaton, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, FL, for appellees.

Before KRAVITCH and COX, Circuit Judges, and HOBBS *, Senior District Judge.

PER CURIAM:

This appeal followed a verdict for the plaintiffs in an action for damages, alleging tortious interference with contingent fee contracts for legal representation, filed by Basil Yanakakis, a Massachusetts attorney, and the Florida law firm of Leesfield & Blackburn, P.A. The facts and contentions of the parties are set forth in our previous opinion. *Yanakakis v. Chandris, S.A.,* 9 F.3d 1509 (11th Cir.1993). We certified two questions to the Florida Supreme Court:

(1) WHETHER AN OUT–OF–STATE ATTORNEY, WHO RESIDES IN FLORIDA BUT IS NOT ASSOCIATED WITH A FLORIDA LAW FIRM, ENGAGES IN THE UNAUTHORIZED PRACTICE OF LAW WHERE THAT ATTORNEY ENTERS INTO A CONTINGENT FEE AGREEMENT IN FLORIDA, THEREBY RENDERING THAT FEE AGREEMENT VOID.

(2) WHETHER A FEE AGREEMENT OF A FLORIDA LAW FIRM BORN OF A FEE AGREEMENT THAT IS VOID AS THE UNAUTHORIZED PRACTICE OF LAW IS ITSELF VOID.

*Id.* at 1513–14.

The Florida Supreme Court has now answered both questions in the affirmative.

*Chandris, S.A. v. Yanakakis,* 668 So.2d 180 (Fla.1995). The Florida Supreme Court's opinion mandates a conclusion that the district court erred in denying the motion for summary judgment filed by the defendants-appellants. Accordingly, the judgment in favor of the plaintiffs is reversed and judgment is rendered for the defendants-appellants.[1]

REVERSED and RENDERED.

* Honorable Truman M. Hobbs, Senior U.S. District Judge for the Middle District of Alabama, sitting by designation.

1. The Florida Supreme Court recognized that members of the Florida bar may have a claim against Nikolas Miliaresis, the injured seaman, for the reasonable value of their services on the basis of quantum meruit. *Id.* at 185–86 n. 4.

The plaintiffs argue that this saves their tortious interference claim. This argument is meritless for two reasons. First, the tortious interference claim in this case is not predicated upon interference with the plaintiffs' right to assert such a claim. Second, if the plaintiffs had a quantum meruit claim against Miliaresis, these defendants-appellants did not interfere with it.